IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PLUMBERS' PENSION FUND, LOCAL 130, U.A., PLUMBERS' WELFARE FUND, LOCAL 130, U.A., THE TRUST FUND FOR APPRENTICE AND JOURNEYMAN EDUCATION AND TRAINING, LOCAL 130, U.A., PLUMBERS' RETIREMENT SAVINGS PLAN FUND, LOCAL 130, U.A., and CHICAGO JOURNEYMEN PLUMBERS' LOCAL UNION 130, U.A., GROUP LEGAL SERVICES PLAN FUND, | ) ) ) ) ) ) ) ) ) ) | |
| | ) | Case No.: |
| Plaintiffs, | ) ) | Judge |
| v. | ) ) | Magistrate Judge |
| ATLAS CONCRETE CUTTING SERVICES, INC., an Illinois corporation | ) ) ) | |
| Defendant. | ) | |

**COMPLAINT**

Plaintiffs, Plumbers' Pension Fund, Local 130, U.A., et al. (hereinafter **"Plaintiffs" or "Funds"**) by and through their attorneys, Grant R. Piechocinski and Gregorio & Marco, Ltd. bring the following action against ATLAS CONCRETE CUTTING SERVICES, INC., an Illinois corporation (hereinafter "**Defendant**" or "**Company**"). In support, the Plaintiffs state as follows:

**Count I (ERISA)**

1.      This action arises under Section 502 of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1132 *et seq.* (hereinafter referred to as "ERISA") and Section 301 of the Taft-Hartley Act, 29 U.S.C. §185. Jurisdiction is founded on the existence of questions arising thereunder.

2.     The PLUMBERS' PENSION FUND, LOCAL 130, U.A, et. al. (collectively referred to as the "Local 130 Trust Funds") receive contributions from numerous employers pursuant to Collective Bargaining Agreements between the employers and the CHICAGO JOURNEYMEN PLUMBERS' LOCAL UNION 130, U.A., ("Local Union 130").

3.     The Local 130 Trust Funds are multi-employer plans as defined under 29 U.S.C. §1002.

4.     The Defendant is an employer engaged in an industry affecting commerce with its principal office located at 50 W. Michigan Ave., Palatine, IL 60067 and is within the Northern District of Illinois.

5.     The Local 130 Trust Funds are administered in Chicago, Illinois and venue is proper in the Northern District of Illinois.

6.     On May 25, 2005, George Tridimas, President of Atlas Concrete Cutting Services, Inc. executed a Memorandum Agreement (hereinafter "Agreement") with the Local Union 130. (A copy of the Memorandum Agreement is attached as Exhibit A).

7.     By its terms, the Memorandum Agreement between Defendant and the Local Union 130 adopted the terms of the CBA.  The CBA binds Defendant to the terms of the Trust Agreements, which created the Plaintiff Funds.

6.     The CBA requires Defendant to contribute to the Plaintiff Funds and binds Defendant to the plan's governing documents, including the Trust Agreement.  The Trust Agreement requires the Defendant to submit monthly reports listing the hours worked by its bargaining unit employees (hereinafter referred to as "monthly contribution reports").  The Defendant is also required to make concurrent payment of contributions to the Plaintiff Funds based upon the hours worked by said employees.

7.      Defendant has breached its obligations under the Trust Agreement and the CBA by failing to submit monthly contributions reports for the months of December 2017 through the present.

8.      Due to Defendant's failure to submit contribution reports, Plaintiffs are unable to calculate the amount of any monthly contributions and/or late assessments which may be due for December 2017 through the present.

9.      Plaintiffs have requested that Defendant become current and perform its obligations listed above, but Defendant has failed and refused to so perform.

10.      As an employer obligated to make fringe benefit contributions to the Funds, Defendant is specifically obligated to compensate Plaintiffs for the additional administrative costs and burdens imposed by Defendant's failure to submit reports or pay contributions, by paying liquidated damages on the whole amount of any contributions remaining unpaid, together with interest, as provided in 29 U.S.C. §1132(g)(2)(B).

11.      As an employer obligated to make fringe benefit contributions to the Funds, Defendant is specifically obligated to pay Plaintiff's reasonable attorneys' fees and costs necessarily incurred in the prosecution of any action to recover delinquent contributions, as provided in 29 U.S.C. §1132(g)(2)(D).

12.      Pursuant to 29 U.S.C. §1132(g)(2)(C), Plaintiffs are entitled to an amount equal to the greater of a) double interest on the unpaid contributions or b) interest plus liquidated damages provided for under the Trust Agreements not in excess of 20% of the amount due.

3

WHEREFORE, Plaintiffs pray:

A.  That the Defendant be ordered to submit the reports referenced in Count I pursuant 29 U.S.C. §§1132(g)(A), 1145;

B.  That the Defendant be ordered to pay interest on any contributions found to be due from the reports referenced in Count I pursuant to 29 U.S.C. §1132(g)(2)(B);

C.  That the Defendant be ordered to pay liquidated damages on any delinquent contributions found to be due from the reports referenced in Count I pursuant to 29 U.S.C. §1132(g)(2)(C);

D.  That Defendant be ordered to pay the late assessments found to be due from the reports referenced in Count I pursuant to 29 U.S.C. §1145.

E.  That the Defendant be ordered to pay the reasonable attorney fees and costs incurred by the Plaintiffs referenced in Count I pursuant to 29 U.S.C. §1132(g)(2)(D);

F.  That Plaintiffs be granted such other relief as the Court deems just and equitable.


Respectfully submitted,
**Chicago Plumbers, Local 130, U.A. Benefit Funds**

BY:/s/ Grant R. Piechocinski_____
       One of their attorneys

Grant R. Piechocinski
Gregorio & Marco, Ltd.
2 North LaSalle Street, Suite 1650
Chicago, IL 60602
(312) 263-2343

4